**Manuel CASS, Jr., Petitioner– Appellant,**

v.

**Joanne WOODFORD, Warden; et al., Respondents–Appellees.**

**No. 06–56002.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 14, 2007.

Manuel Cass, Jr., Blythe, CA, pro se.

Attorney General for the State of California, AGCA—Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

California state prisoner Manuel Cass, Jr. appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court's decision to deny a § 2254 petition, *see McQuillion v. Duncan,* 306 F.3d 895, 899 (9th Cir.2002), and we affirm.

Appellees contend that we lack jurisdiction because there is no federally protected interest in parole release in California, and thus, Cass has failed to state a federal claim. As appellees acknowledge, this contention is foreclosed by *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127–28 (9th Cir.2006).

Cass contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violated his due process rights. We disagree. We conclude that there was no due process violation because some evidence supports the Board's decision. *See Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Irons v. Carey,* 479 F.3d 658, 664–65 (9th Cir.2007); *Sass,* 461 F.3d at 1128–29. Accordingly, Cass has failed to demonstrate that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," or "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

We further conclude that Cass waived his contention regarding breach of his guilty plea because he failed to raise it in the district court. *See Majoy v. Roe,* 296 F.3d 770, 777 n. 3 (9th Cir.2002).

**AFFIRMED.**